# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **HAROLD DUANE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-00034-JCH |
| | ) | |
| **TERESA THORNBURG, ROGER** | ) | |
| **DENNISON, LARRY DALMAR,** | ) | |
| **CORY SWAN and UNKNOWN SHAW,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Harold Duane Smith (registration no. 1078899), an inmate at Moberly Correctional Center ("MCC"), for leave to commence this action without payment of the required filing fee [Doc. #1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $28.00. *See* 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $140.00 and an average monthly account balance of $20.11. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $28.00, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**The complaint**

Plaintiff moves to amend his complaint by interlineation to add two defendants, Dr. Kotting and Dr. James Allen. Because the allegations against defendants Kotting and Allen relate directly to the gravamen of plaintiff's original complaint, the Court will allow plaintiff to amend by interlineation to add these defendants and will consider the matter as a whole.

Plaintiff seeks monetary, declaratory and injunctive relief for alleged violations of his constitutional rights. Named as defendants are Teresa Thornburg, Roger Dennison, Larry Dalmar, Cory Swan, Unknown Shaw, Chief Executive Officer of Correctional Medical Services (which the Court construes as "Correctional Medical Services"), Dr. Hampton, Dr. Kotting and Dr. Allen.

Liberally construing the complaint, the Court finds that the issues raised by plaintiff are two-fold: denial of access to the law library to research the drug interferon and denial of proper medical treatment for Hepatitis A, B and C. Plaintiff also seeks a temporary restraining order to prevent the above-named defendants from having contact with him because he fears repercussions from filing the instant action.

**Discussion**

**A. Access to the law library**

Plaintiff complains that, when he sought law library time to research the drug interferon, he was told that he would not be allowed to go to the law library unless he had a pending case in court within thirty days. As the Supreme Court recognized in *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800 (1974), "[t]raditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration." 416 U.S. at 404, 94 S.Ct. at 1807. These problems are "complex and intractable, ... they are not readily susceptible of resolution by [judicial]

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

decree. Most [prisons] require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Id.* at 405, 94 S.Ct. at 1807. The Court is also mindful that it has a responsibility to scrutinize claims of cruel and unusual confinement and to protect constitutional rights. *Id*. at 405-06, 94 S.Ct. at 1807-08.

While the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498 ( 1977), denial of law library time for personal research fails to show a violation of the Constitution. Moreover, it appears from the information contained in plaintiff's amended complaint that he has access to research regarding hepatitis C and interferon. Plaintiff has demonstrated no harm attributable to his inability to have access to the law library. Accordingly, the Court will dismiss plaintiff's complaint as to denial of access to the law library. Because the only allegations in plaintiff's complaint against defendants Thornberg, Dennison, Dalmar, Swan and Shaw relate to denial of access to the law library, the Court will order that process not issue as to these defendants.

### B. Medical treatment for hepatitis

Plaintiff's complaint that he was denied appropriate medical treatment for hepatitis A, B and C is neither short nor plain. *See* FED. R. CIV. P. 8. It is, in fact, convoluted and contains misinformation, misunderstanding and seeming factual conflicts. Plaintiff states that he has been diagnosed with hepatitis A, B and C. He asserts that the hepatitis A vaccine, properly administered, would have destroyed the hepatitis A in his blood system. He also asserts that he should have been

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

given vaccine for the hepatitis B in his system because "when the hep 'A' and hep 'B' virus come's [sic] in contact with my hep 'C' will cause my liver to shut down which will result in death."

Plaintiff misunderstands the purpose of the hepatitis A and B vaccines which are used to prevent hepatitis, rather than to treat it. Since plaintiff asserts that he already has hepatitis A and B, administration of the vaccines would be futile.

However, in plaintiff's amended complaint, he alleges a different sequence of events: that he had hepatitis B and C and only contracted hepatitis A after Defendant Hampton denied him proper medical attention. Plaintiff also alleges that Defendants Hampton, Kotting and Allen are physicians employed by Correctional Medical Services who endangered his life by failing to treat him with interferon for hepatitis C.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations of mere negligence in giving or failing to supply medical treatment or claims based on differences of opinion over matters of medical judgment fail to rise to the level of a § 1983 violation. *Id.; Jones v. Lockhart*, 484 F.2d 1192, 1194 (8th Cir. 1973) (citations omitted). Given the sequence of events alleged where plaintiff already had hepatitis A and B, Defendant Hampton's prescribing vaccine would have been futile since plaintiff was already infected. Given the sequence of events alleged where plaintiff contracted hepatitis A after being seen by Defendant Hampton, Defendant Hampton's failure to prescribe the vaccine to prevent hepatitis A constitutes mere negligence or a matter of medical judgment. As such, it does not rise to the level of a constitutional deprivation and is legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The alleged ongoing failure to treat plaintiff's hepatitis C with interferon is more troubling. *See Jones*, 484 F.2d at1194 (citations omitted) (where the prisoner alleges a complete deprivation of medical care, a federal claim is stated). In *Bender v. Regier*, 385 F.3d 1133 (8th Cir. 2004), the Eighth Circuit considered the use of interferon for prisoners with hepatitis C. 385 F.3d at 1134. The Court noted that "[m]ore than half of those infected [with hepatitis C] develop chronic liver inflammation and after many years of progressive deterioration some develop cirrhosis and end-stage liver disease, which can be fatal." *Id*. Whether a particular individual is suitable for treatment involves medical determination of levels of liver inflammation and fibrosis and considerations of age, untreated chemical dependency, and other physical and mental health problems. *Id.* at 1135.

Thus, while hepatitis C is unquestionably a serious medical problem, the Eighth Amendment issue is not whether the infection is a "serious medical need" but whether plaintiff has a serious medical need for prompt treatment with interferon and whether he is a suitable candidate for such treatment. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976). The Court cannot resolve these issues on the record before it because there is no way to assess the seriousness of plaintiff's medical condition or the necessity of treatment.

Based on plaintiff's allegations, it is possible that he could prove facts demonstrating that defendants Hampton, Kotting and Allen knew of and deliberately disregarded his need for treatment for hepatitis C and that their conduct violated his Eighth Amendment rights. Moreover, plaintiff has also stated a § 1983 claim against Correctional Medical Services, which may be found liable for plaintiff's injury by its policy, custom or action - or by its abdication of policy-making and oversight responsibilities. *Burke v. North Dakota Dept. of Corrections and Rehabilitation*, 294 F.3d 1043, 1044 (8th Cir. 2002) (*citing Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Cir.1993) (corporation acting under color of state law is liable under § 1983 for its own unconstitutional policies; proper test is whether there is policy, custom, or action by those who represent official policy that inflicts injury actionable under § 1983) and *Johnson v. Lockhart,* 941 F.2d 705, 707 (8th Cir.1991) (abdication of policy-making and oversight responsibilities can reach level of deliberate indifference and result in unnecessary and wanton infliction of pain to prisoners when tacit authorization of subordinates' misconduct causes constitutional injury). At this point, the Court cannot say beyond doubt that plaintiff will be unable to prove any set of facts in support of his claim which would entitle him to relief. *See Conley,* 355 U.S. at 45-46.

### C. Temporary Restraining Order

Plaintiff moves for a temporary restraining order to prevent all named defendants from having contact with him because he fears repercussions for filing this action. A temporary restraining order is an extraordinary remedy, and the burden is on the moving party to demonstrate that he is entitled to the relief. *Williams Pipe Line Co. v. City of Mounds View, Minn.* 651 F.Supp. 544, 548 (D.Minn.1986). Plaintiff's subjective feelings do not amount to a sufficient basis for the relief he seeks. The attachments to his motion to amend fail to show that such a remedy is appropriate. Rather than supporting plaintiff's position, the attachments show that prison officials fully and appropriately responded to the disciplinary action of which plaintiff complains, fully explained the reinstatement of his detainer, and followed proper procedure for opening privileged correspondence. Plaintiff has failed to meet the burden of demonstrating that he is entitled to a temporary restraining order; accordingly, the Court will deny plaintiff's motion.

In accordance with the foregoing,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] be **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend [Doc. #9] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint, as amended by interlineation, as to defendants Dr. Hampton, Dr. Kotting, Dr. James Allen and Correctional Medical Services.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, as amended by interlineation, as to defendants Teresa Thornburg, Roger Dennison, Larry Dalmar, Cory Swan and Unknown Shaw because the complaint, as amended by interlineation, is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary retraining order [Doc. #3] be **DENIED**.

An appropriate order shall accompany this order and memorandum.

Dated this 29th day of July, 2005.

    **/s/ Jean C. Hamilton**
    **UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com