UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| HAROLD DUANE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05-CV-34-JCH |
| ) | |
| UNKNOWN HAMPTON, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

Before the Court is plaintiff's Motion to Amend Complaint [Doc. 16]. Because Defendant Correctional Medical Services has answered plaintiff's complaint, plaintiff can amend "only by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a).

In plaintiff's motion to amend complaint, he restates some of the factual allegations in his original complaint, which the Court has already carefully considered. Plaintiff also attempts to argue his case, which is improper and adds confusion to the complaint. Such argument is more appropriate in a dispositive motion or in a response to a dispositive motion. The Court notes that all that is required in a complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief...." FED. R. CIV. P. 8(a).

Plaintiff requests that felony criminal charges be brought against defendants. The bringing of such charges is within neither plaintiff's nor this Court's purview.

Plaintiff moves to add two defendants: Gerald Jorgenson and Bonnie Boley. Plaintiff alleges that Jorgenson and Boley were responsible for hiring the doctors who are defendants herein and that they were aware of said doctors' actions. Plaintiff has not alleged facts indicating that

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Jorgenson and Boley were directly involved in or personally responsible for the alleged deprivation of his rights. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Plaintiff ascribes only supervisory responsibility to these defendants, and respondeat superior theory is inapplicable in § 1983 suits. *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983). Consequently, allowing plaintiff to amend his complaint to add these defendants would be futile. "Leave to amend should be denied if the proposed amended pleading would be futile." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Grandson v. Univ. of Minn.,* 272 F.3d 568, 575 (8th Cir.2001).

Because of the manner in which plaintiff's motion to amend complaint has been drafted and because amending the complaint is futile as to bringing criminal charges against defendants and as to adding defendants Jorgenson and Boley, the Court will deny plaintiff's motion.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend be **DENIED**.

Dated this 30th day of August, 2005.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com