UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| HAROLD DUANE SMITH, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:05CV34 JCH |
| ) | |
| TERESA THORNBURG, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Correctional Medical Services' ("CMS") Motion to Dismiss, filed August 23, 2005. (Doc. No. 15). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed his Complaint in this matter on June 13, 2005. (Doc. No. 2). In his Complaint, Plaintiff seeks monetary, declaratory, and injunctive relief for alleged violations of his constitutional rights. Specifically, Plaintiff complains Defendants Hampton, Kotting, Allen and CMS showed deliberate indifference to his medical needs, by failing to treat his hepatitis C with the drug interferon.[1]

In its Motion to Dismiss, Defendant CMS asserts Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies. CMS notes that in his Complaint, Plaintiff states that while there is a prisoner grievance procedure at the institution in which he is incarcerated, he has not presented the facts at issue in this Complaint through that system. (CMS' Motion to Dismiss, P. 1, citing Compl., PP. 4, 5).

---

[1] The other claims alleged in Plaintiff's Complaint were dismissed by this Court's Order of July 29, 2005. (Doc. No. 10).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner cannot bring a § 1983 action with respect to prison conditions without first exhausting his available administrative remedies. 42 U.S.C. § 1997e(a). The requirement that a prisoner exhaust prison grievance remedies applies to all prisoners seeking redress for prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001).

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). The assertion that a plaintiff failed to exhaust all available administrative remedies as mandated by the PLRA is an affirmative defense; it is the burden of the defendant asserting this affirmative defense to plead and prove it. Foulk, 262 F.3d at 697. The underlying principle of the 1997e(a) exhaustion requirement is to give notice to administrators and allow policy makers to change their behavior. Thomas v. Woolum, 337 F.3d 720, 725 (6th Cir. 2003); Neal v. Goord, 267 F.3d 116, 120 (2d Cir. 2001).

The Missouri prison grievance process provides that an inmate must first file an Informal Resolution Request ("IRR") within fifteen days of the incident.[2] (Defendant's Exh. AAA, P. 10). A response from prison officials is due forty days later. (Id., P. 15). Second, the inmate may appeal the IRR response by filing an Inmate Grievance within seven calendar days of receipt of the IRR response. (Id., P. 17). Another response from the prison is due forty days later. (Id., P. 18). Third, if the inmate is not satisfied with the grievance response, he may file an Inmate Grievance Appeal

---

[2] The prison grievance process applies to Plaintiff's claim of deliberate indifference to medical needs against CMS. See Defendant's Exh. AAA, PP. 12, 14.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

within seven calendar days of the response. (Id., P. 19). The grievance procedure is considered fully exhausted after step three of the process, i.e., completion of the grievance appeal. (Id., P. 20).

As stated above, Plaintiff admits he has not filed any grievance pertaining to the issue involved in this case, i.e., Defendants' alleged indifference to his serious medical needs. Thus, dismissal without prejudice is appropriate, because Plaintiff has failed to show that he exhausted his administrative remedies as to the claim raised in the instant Complaint. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. No. 15) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of November, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com